22428

David Lee WHITWORTH, Joey Lee Whitworth, and Claudette Whitworth, Appellants v. FAST FARE MARKETS OF SOUTH CAROLINA, INC., Respondent.

(338 S. E. (2d) 155)

Supreme Court

*G. Ray Harris,* Spartanburg, *for appellants.*

*John B. McLeod* of *Haynsworth, Perry, Bryant, Marion & Johnstone,* Greenville, *for respondent.*

Heard Nov. 19, 1985.

Decided Dec. 17, 1985.

HARWELL, Justice:

This appeal is from an order granting respondent's motions for summary judgment. We affirm.

The three lawsuits involved in this appeal were brought by Claudette Whitworth (mother) and her two sons. In their complaints, appellants alleged that respondent's agents and servants repeatedly sold cigarettes to the minor appellants. The sales were continued despite the mother's repeated complaints to the respondent's employees.

The appellants further alleged that, as a result of smoking cigarettes, the two minor sons have become addicted to tobacco, have damaged the home and furnishings of the mother, have stolen money from the mother, and have exhibited ungovernable and habitually disobedient behavior

when they are denied cigarettes.

The appellants alleged that the respondent violated S. C. Code Ann. §§ 16-17-490 and 16-17-500 (1976) which makes it a criminal offense to knowingly and willfully encourage the delinquency of a minor and to sell cigarettes to minors under the age of 18 years. The appellants prayed for damages in the total amount of Three Million One Hundred Fifty Thousand and no/100 ($3,150,000.00) Dollars, actual and punitive.

Respondent moved for summary judgment in all three actions on the ground that the statutes relied on by the appellants do not create private causes of action. As an additional ground, the respondent claimed that the mother lacked standing to sue since she is not a minor. After a hearing, the trial judge entered an order granting the respondent's motions for summary judgment as to all three actions.

Appellants concede that the mother lacks standing since she is not a minor. Only the complaints of the two minor sons are in dispute. The issue is whether S. C. Code Ann. §§ 16-17-490 and 16-17-500 (1976) create an implied private cause of action. We hold that they do not.

The statutes in question are found in a section of the South Carolina Code denominated "Offenses Against Public Policy" and specifically provide for criminal enforcement. A primary consideration in deciding whether a private cause of action should be implied under this type of statute is the legislature's intent.

> The legislative intent to grant or withhold a private right of action for the violation of a statute, or the failure to perform a statutory duty, is determined primarily from the form or language of the statute. ... In this respect, the general rule is that a statute which does not purport to establish a civil liability, but merely makes provision to secure the safety or welfare of the public as an entity is not subject to a construction establishing a civil liability.

73 Am. Jur. (2d), *Statutes* § 432 (1974).

The statutory prohibition against contributing to the delinquency of a minor and supplying minors with cigarettes is

primarily for the protection of the public and not for the protection of private rights. Since the appellants have no private cause of action under the statutes in question, the lower court was correct in granting the respondent's motion for summary judgment.

Affirmed.

NESS, C. J., and GREGORY, CHANDLER and FINNEY, JJ., concur.