23290

Joyce B. DORMAN, Respondent v. AIKEN COMMUNICATIONS, INC., Appellant.

(398 S.E. (2d) 687)

Supreme Court

*David A. Brown* and *James M. Holly,* both of *Henderson & Salley,* Aiken, *for appellant.*

*B. Henderson Johnson, Jr.* and *Barry H. Johnson,* both of *Johnson, Johnson, Maxwell, Whittle, Snelgrove & Weeks,* Aiken, *for respondent.*

*Jay Bender,* Columbia, *amicus curiae, for SC Press Ass'n.*

Heard April 4, 1989.

Decided Oct. 29, 1990.

*Per Curiam:*

This tort action arises from the publication of a newspaper article which reported an incident involving criminal sexual conduct. The appeal is from denial of a Motion to Dismiss or for Summary Judgment. We affirm in part, reverse in part, and remand for further proceedings.

On November 18, 1987, Respondent Joyce Dorman (Dorman), a real estate agent, was sexually assaulted at gunpoint

by a man to whom she was showing a house. After the attack, the assailant committed suicide by shooting himself in the head.

Subsequently, a reporter for the *Aiken Standard*, a newspaper owned by Appellant Aiken Communications, Inc. (Aiken), obtained a statement from the local police giving an account of the incident. The statement did not disclose Dorman's name, nor did it state that she had been sexually assaulted. The reporter later learned of Dorman's identity, however, through various private sources.

The next day, the *Standard* published a front-page article revealing Dorman's name and stating that she had been "assaulted." On November 20, two other area newspapers reported the incident. Both newspapers stated the victim had been raped, but neither identified Dorman by name.

Dorman commenced this action against Aiken alleging three causes of action: (1) violation of S.C. Code Ann. § 16-3-730 (1985), a statute prohibiting publication of sexual assault victim's name; (2) invasion of privacy; and (3) intentional and/or reckless infliction of emotional distress. After filing an Answer, Aiken moved for dismissal or summary judgment on the following grounds: (1) § 16-3-730 violates constitutional guarantees of the First Amendment and Equal Protection; (2) the statute does not create a private cause of action; and (3) Dorman's action is barred by First Amendment and common law privileges. The Circuit Court denied the motion.

Section 16-3-730 provides:

> Whoever publishes or causes to be published the name of any person upon whom the crime of criminal sexual conduct has been committed or alleged to have been committed in this State in any newspaper, magazine or other publication shall be deemed guilty of a misdemeanor and, upon conviction thereof, shall be punished by a fine of not more than one thousand dollars or imprisonment of not more than three years. The provisions of this section shall not apply to publications made by order of court.

Aiken contends § 16-3-730 is unconstitutional on its face in that it violates the Equal Protection Clauses of the United States and South Carolina Constitutions and the First Amendment to the United States Constitution, made applica-

ble to the states by the Fourteenth Amendment, *Chaplinsky v. New Hampshire*, 315 U.S. 568, 62 S. Ct. 766, 86 L. Ed. 1031 (1942). We reject these arguments.[1]

Aiken's equal protection argument is based upon the incorrect assumption that § 16-3-730 applies only to the print media and not to, for example, television and radio broadcasts. Clearly, the language of the statute is broad enough to cover publication by means other than print. *See Sorensen v. Wood*, 123 Neb. 348, 243 N.W. 82 (1932) (publication by radio); *American Broadcasting-Paramount Theatres, Inc. v. Simpson*, 106 Ga. App. 230, 126 S.E. (2d) 873 (1962) (television broadcast); *see also* S.C. Code Ann. § 7-1-80 (1976) ("published . . . as part of a visual or sound radio broadcast").

As to Aiken's claim that § 16-3-730 violates the First Amendment, the United States Supreme Court has declined to rule similar statutes unconstitutional on their face. *The Florida Star v. B.J.F.*, ___ U.S. ___ , 109 S. Ct. 2603, 105 L. Ed. (2d) 443 (1989); *Cox Broadcasting Corp. v. Cohn*, 420 U.S. 469, 95 S. Ct. 1029, 43 L. Ed. (2d) 328 (1975). Instead, it has addressed the First Amendment issue "only as it arose in a discrete factual context." *Florida Star, supra*, at ___ , 109 S. Ct. at 2607, 105 L. Ed. (2d) at 453 (footnote omitted).[2] Accordingly, we too decline to hold the statute unconstitutional on its face.[3]

---

[1] In addition to its direct bearing on the viability of Dorman's statutory cause of action, the constitutionality of § 16-3-730 may also affect Aiken's defenses to the other causes of action. For instance, the Fourth Circuit Court of Appeals has indicated that the statute exempts publication of a rape victim's identity from common law privilege. *Nappier v. Jefferson Standard Life Ins. Co.*, 322 F. (2d) 502 (4th Cir. 1963).

[2] Among the relevant factual issues still to be resolved here are whether Aiken was aware, prior to publication, that Dorman was the victim of a sexual assault and whether the article could reasonably have conveyed this fact to the reader.

[3] Aiken's suggestion that § 16-3-730 should be analyzed as a "prior restraint" is patently without merit. "Governmental action constitutes a prior restraint when it is directed to suppressing speech because of its content before the speech is communicated." *In re G. & A. Books, Inc.*, 770 F. (2d) 288, 296 (2d Cir. 1985); *cf. Arcara v. Cloud Books, Inc.*, 478 U.S. 697, 705 n. 2, 106 S. Ct. 3172, 3177 n. 2, 92 L. Ed. (2d) 568, 577 n. 2. (1986); *Nebraska Press Ass'n v. Stuart*, 427 U.S. 539, 556-62, 96 S. Ct. 2791, 2801-2804, 49 L. Ed. (2d) 683, 695-99 (1976); *Near v. Minnesota ex rel. Olson*, 283 U.S. 697, 709-13, 51 S. Ct. 625, 628-30, 75 L. Ed. 1357, 1364-66 (1931). Nothing in this statute restrains in advance the dissemination of information; rather, it seeks punishment *after* the matter is published.

For similar reasons, it would be inappropriate to pass upon Aiken's claims of privilege at this stage of the proceedings. *See Holloman v. McAllister*, 289 S.C. 183, 345 S.E. (2d) 728 (1986) (denial of summary judgment not reviewable even after trial of case on merits). These defenses involve questions of fact[4] which must first be determined by the jury.

Finally, Aiken contends that no private cause of action is created under § 16-3-730. We agree.

The primary consideration in deciding whether a private cause of action should be implied under criminal statute is legislative intent. *Whitworth v. Fast Fare Markets of South Carolina, Inc.*, 289 S.C. 418, 338 S.E. (2d) 155 (1985). In *Whitworth*, this Court stated:

> The legislative intent to grant or withhold a private right of action for violation of a statute or the failure to perform a statutory duty, is determined primarily from the language of the statute. . . . In this respect, the general rule is that a statute which does not purport to establish a civil liability, but merely makes provision to secure the safety or welfare of the public as an entity is not subject to a construction establishing a civil liability.

*Id.* at 420, 388 S.E. (2d) at 156 [quoting 73 Am. Jur. (2d), *Statutes* § 432 (1974)].

Section 16-3-730 is a criminal statute which provides only for criminal sanctions. We find that the language and form of the statute do not purport to establish civil liability for violations. Although Dorman may benefit from its enforcement, the statutory provision is primarily for protection of the public as an entity, and this Court does not construe it to establish a private right of action. Hence, we reverse the ruling of the Circuit Court as to the cause of action based on § 16-3-730.

Affirmed in part, reversed in part, and remanded.

---

[4] *See* note 2, *supra.*