602 S.E.2d 56

**Bennie WICKER, Respondent,**

v.

**SOUTH CAROLINA DEPARTMENT OF CORRECTIONS, Appellant.**

No. 25859.

Supreme Court of South Carolina.

Submitted April 21, 2004.

Decided Aug. 23, 2004.

Lake Eric Summers, of Vinton D. Lide & Associates, of Lexington, for Appellant.

Bennie Wicker, Jr., of Bennettsville, pro se.

Justice WALLER:

This is a direct appeal from an order of the circuit court which affirmed the decision of the Administrative Law Judge (ALJ). The ALJ held that Respondent, Bennie Wicker, was entitled to be compensated the prevailing wage of $5.25 per hour for the time he was in training for his employment at the South Carolina Department of Corrections (DOC) Division of Prison Industries. We affirm.

## FACTS

Wicker, while an inmate at Evans Correctional Institute, participated in the Prison Industries Program. During the first 320 hours of his employment, he was paid .25–.75 per hour; he was thereafter paid an hourly wage of $5.25. He filed an inmate grievance contending his training wages violated the Prevailing Wage Statute, S.C.Code Ann. § 24–3–430(D) (Supp.2002). The DOC denied his appeal, and he appealed to the Administrative Law Judge (ALJ). The ALJ reversed the DOC's decision, finding Wicker was entitled to the prevailing wage during his first 320 hours of employment, and finding no authority for the DOC to deviate from the plain requirement of § 24–3–430. Accordingly, the DOC was ordered to compensate Wicker at a rate of $5.25 per hour for his first 320 hours of work. The circuit court affirmed.

## ISSUE

Did the circuit court err in holding Wicker was entitled to a $5.25 per hour training wage?

## DISCUSSION

The statutes under which Wicker seeks relief are part of a statutory scheme creating a Prison Industries (PI) program to provide for employment of convicts and utilize their labor for self-maintenance and reimbursement of expenses. *See* S.C.Code Ann. § 24–3–310 (Supp.2003). In 1995, the General Assembly enacted S.C.Code Ann. 24–3–430, authorizing the DOC to use inmate labor in private industry. Section 24–3–430(D) provides that, "[n]o inmate participating in the program may earn less than the prevailing wage for work of similar nature in the private sector." Wicker filed an inmate grievance with the DOC, alleging his training wage of .25–.75 per hour was in violation of the statute. The DOC denied his grievance and he appealed to the ALJ, who reversed. The ALJ found no statutory authority for DOC to pay Wicker less than the prevailing wage; the circuit court affirmed.

The DOC appeals, contending the statutes under which Wicker seeks relief do not entitle him to the prevailing wage, and asserting the ALJ was without subject-matter jurisdiction to hear his appeal.

 As recognized in the companion case of *Adkins v. South Carolina Dep't of Corrections*, 360 S.C. 413, 602 S.E.2d 51, 2004 WL 1878705 (2004), we agree with the DOC that section 24–3–430(D) does not give rise to a private, civil cause of action in Wicker. However, simply because Wicker may not file a civil claim for damages in circuit court does not mean he is without any remedy. There are numerous issues relating to inmates which, although not giving rise to a private, civil cause of action, are nonetheless grievable through DOC's internal grievance processes. For example, although inmates may not sue for civil damages on matters relating to parole, work release, or work credits, they may enforce such rights via DOC grievance procedures. We find no reason such procedures should not apply when an inmate challenges the wages he or she is being paid, particularly where there is a statute mandating payment of the prevailing wage. Accord-

ingly, we hold that although Wicker has no claim for civil damages, he properly filed a grievance with the DOC.

The DOC also contends, citing the ALJD's en banc decision in *McNeil v. South Carolina Dept. of Corrections,* 02–ALJ–04–00336–AP (filed Sept. 5, 2001), that the ALJ was without subject-matter jurisdiction to review its denial of Wicker's grievance. We disagree.

■ We find that where, as here, the state has created a statutory right to the payment of a prevailing wage, it cannot thereafter deny that right without affording due process of law. *Cf. Piatt v. MacDougall,* 773 F.2d 1032, 1036 (9th Cir.1985) (where state has established, by statute, a right of inmates to compensation for work performed for private parties, it cannot deny that right after they earned the wages, without affording due process of the law); *Borror v. White,* 377 F.Supp. 181 (W.D.Va.1974) (although there was no federal constitutional right to payment, inmate might be entitled to such compensation under state statute).

We are not unmindful of our opinion in *Sullivan v. South Carolina Dep't of Corrections,* 355 S.C. 437, 586 S.E.2d 124 (2003), in which we held the ALJ has jurisdiction to review DOC grievance proceedings only if they involve the denial of "state created liberty interests." There, we recognized that our opinion in *Al–Shabazz v. State,* 338 S.C. 354, 368, 527 S.E.2d 742, 750 (1999), held that administrative matters **typically** arise in two ways: (1) when an inmate is disciplined and punishment is imposed and (2) when an inmate believes prison officials have erroneously calculated his sentence, sentence-related credits, or custody status. However, we did not limit *Al–Shabazz* to these two instances. The *Al–Shabazz* Court explained that procedural due process is guaranteed when an inmate is deprived of an interest encompassed by the Fourteenth Amendment's protection of liberty and property. 338 S.C. at 369, 527 S.E.2d at 750.

We find the state's statutory mandate that inmates be paid the prevailing wage creates such an interest, which may not be denied without due process. *Piatt v. MacDougall, supra.* Accordingly, in this **very limited circumstance,**[1] we hold the

---

1. We note that our holding today is extremely limited and is not to be viewed as expanding the jurisdiction of the ALJ in any other circumstance.

DOC's failure to pay in accordance with the statutes is reviewable by the ALJ.

Finally, we concur with the ALJ and the circuit court that there is simply nothing in the statutory scheme authorizing the DOC to pay Wicker a training wage less than the prevailing wage. *Hodges v. Rainey*, 341 S.C. 79, 85, 533 S.E.2d 578, 581 (2000) (If a statute's language is plain, unambiguous, and conveys a clear meaning, "the rules of statutory interpretation are not needed and the court has no right to impose another meaning"). Accordingly, the judgment below is affirmed.

**AFFIRMED.**

TOAL, C.J., and BURNETT, J., concur. PLEICONES, J., dissenting in a separate opinion. MOORE, J., not participating.

Justice PLEICONES, dissenting:

As explained more fully in my concurring opinion in *Adkins v. South Carolina Dep't of Corrections*, 360 S.C. 413, 602 S.E.2d 51, 2004 WL 1878705 (2004), I would hold that respondent's remedy is found in the South Carolina Payment of Wages Act, S.C.Code Ann. §§ 41–10–10, *et seq.* (Supp. 2003). Accordingly, I dissent.