KITCHENS, Justice,
Dissenting.
¶ 24. As a determination upon a question of first impression, one cannot rightly describe today’s judgment as a misapplication of on-point precedent, and I do not. Nevertheless, because the Court today misinterprets the manner in which we evaluate implied rights of action, I am compelled to dissent.
¶ 25. Section 41-39-5 of the Mississippi Code governs boards of supervisors’ disposals of human corpses, or portions thereof. Since its first appearance in the Mississippi Code in 1942, this Court has never cited this statute, which reads, in pertinent part:
Any ... coroner ... acquiring possession of a dead human body or portion thereof which is not claimed for burial or cremation within forty-eight hours of its acquisition shall give written notice thereof to the board of supervisors, or a member thereof, of the county in which the dead body ... is located, furnishing such information of the decedent as may be available. The board of supervisors shall make reasonable efforts to notify members of the decedent’s family or other known interested persons, and, if the dead body ... shall not be claimed for burial or cremation by any interested person within five days of the aforementioned written notice, the board of supervisors shall, as soon as it may think appropriate, authorize and direct the burial or cremation and burial of the residue of such dead body....
Miss.Code Ann. § 41-39-5 (Rev.2005).
¶ 26. Athough we have never had occasion to refer to this provision, the Mississippi Attorney General’s Office has cited the statute six times in opinions issued to public officials. “While an attorney general’s opinion is not binding on this Court, it is persuasive.... ” DuPree v. Carroll, 967 So.2d 27, 31 (Miss.2007). None of these opinions is entirely on point, in that none addresses whether Section 41-39-5 implies a right of action. However, several of them do address the inflexibility of the duty placed upon supervisors. One opinion describes Section 41-39-5 as “giv[ing] the board of supervisors the right and responsibility to bury unclaimed bodies.... ” Chamberlin, 2003-0214 Op. Att’y Gen. (May 9, 2003) (emphasis added).
¶ 27. The most recent opinion rejected the notion that a family member can waive
*832 the five-day waiting period, despite concerns for cost of storage. “Our office is mindful of the expense to the county which compliance with this statute often requires .... However, absent an appropriate amendment to Section 41-39-5, we find no authority to waive the statutory five day waiting period.” McWilliams, 2008-0254 Op. Att’y Gen. (May 30, 2008).
¶ 28. More relevant to the case at hand is a 1996 opinion finding that the supervisors’ duty may actually extend beyond five days, if the survivors are unprepared to take custody of the deceased. “[I]f the county coroner has no available means of preserving a dead body until family members can make arrangements for a burial or cremation, the county board of supervisors has the duty to make arrangements for the preservation of such a body until family members may make such arrangements.” Hemphill, 96-0586 Op. Att’y Gen. (Aug. 30,1996).
¶ 29. These interpretations, along with the statute’s repeated use of nondiscretion-ary terms such as “[t]he board of supervisors shall make reasonable efforts to notify members of the decedent’s family” and that cremation may take place only when “the body ... shall not be claimed” leave little room for argument against the conclusion that a mandatory duty is imposed.
¶ 30. This conclusion alone, however, does not resolve fully the question before us. “The general rule for the existence of a private right of action under a statute is that the party claiming such right must establish a legislative intent, express or implied, to impose liability for violations of that statute.” Doe v. State ex. rel. Miss. Dep’t of Corrs., 859 So.2d 350, 355 (Miss.2003). The violation of a legally-imposed duty does not necessarily amount to a cause of action. Id. (citing Moore ex. rel. Moore v. Mem’l Hosp. of Gulfport, 825 So.2d 658, 665-66 (Miss.2002)). For example, in Doe, this Court favorably cited Hodgson v. Mississippi Department of Corrections, 963 F.Supp. 776 (E.D.Wis.1997), in which a Wisconsin federal court found no private right of action against the State for violation of a Mississippi statute that governed the transfer of Mississippi parolees, even when the statute’s violation led to the victim’s rape:
The [statute] itself contains no statement of purpose or mention of the rights of the general public or potential victims of parolees or probationers who might relocate under the Act’s provisions. At the same time, the Plaintiff has failed to point to any record of legislative history which shows that the lawmakers intended to benefit persons such as [the plaintiff].
Doe, 859 So.2d at 356 (citing Hodgson, 963 F.Supp. at 791). In 2007, the Mississippi Court of Appeals astutely described the rule of Doe as one that looks to the nature of the relationship between plaintiff and defendant. “In Doe, the State owed no duty to protect the specific victim. The relationship between the State and the victim arose solely out of the assault by an attacker with whom the State had a relationship.” Miss. Dep’t of Human Servs. v. S.W., 974 So.2d 253, 263 (Miss.Ct.App.2007).
¶ 31. Mississippi’s line of case law on this subject is limited, but other states have explored the area more thoroughly and have settled upon the same rule. Notably, the Supreme Court of South Carolina recently held, similar to Doe (in a case of the same name), that “the general rule is that a statute which does not purport to establish a civil liability, but merely makes provision to secure the safety or welfare of the public as an entity is not subject to a construction establishing a civil liability.” Doe v. Marion, 373 S.C. 390, 396, 645 S.E.2d 245 (2007) (quoting *833 Dorman v. Aiken Commc’ns, Inc., 303 S.C. 63, 67, 398 S.E.2d 687, 689 (1990)). In other words, “[w]hen a statute does not specifically create a private right of action, one can be implied only if the legislation was enacted for the special benefit of a private party.” Doe v. Marion, 373 S.C. at 397, 645 S.E.2d 245 (citing Citizens of Lee County v. Lee County, 308 S.C. 23, 416 S.E.2d 641 (1992)). This view comports with the two Mississippi cases relied upon without dissent by the Doe Court, in which we found no private rights of action for violations of the State Board of Pharmacy’s internal regulations and a statute that prohibits fraud in connection with securities sales. Doe, 859 So.2d at 355 (citing Moore ex. rel. Moore v. Mem’l Hosp. of Gulfport, 825 So.2d 658 (Miss.2002), and Allyn v. Workman, 725 So.2d 94, 102 (Miss.1998)).
¶ 32. Mississippi Code Section 41-39-5 is not silent respecting a relationship between the State and private parties. The statute’s requirement that supervisors wait at least five days before disposing of a body does not merely seek “to secure the safety or welfare of the public as an entity,” Doe v. Marion, 373 S.C. at 396, 645 S.E.2d 245, but instead clearly “was enacted for the special benefit of a private party.” Id. at 397, 645 S.E.2d 245. Indeed, if the Legislature had enacted Section 41-39-5 with no other concern but the safety of the public in general, then presumably it would have allowed, and perhaps even commanded, supervisors to dispose of bodies as quickly as possible. Instead, the Legislature vested survivors with a five-day period of time in which they are guaranteed by state law that the keepers of their deceased loved ones’ remains will make reasonably diligent efforts to locate and contact the decedents’ survivors. Unlike in S.W., in which the Mississippi Court of Appeals held no private right of action existed because “[t]he relationship between the State and the victim arose solely out of the assault by an attacker,” S.W., 974 So.2d at 263, Section 41-39-5 creates a relationship between county and survivors that arises immediately upon a county’s reception of a human corpse. This relationship occurs because of the “mention of the rights of ... potential victims” that the Doe Court found absent in the parolee-relocation statute. Doe, 859 So.2d at 356. Indeed, the determination that this relationship and the implied cause of action stemming therefrom do not exist, coupled with the fact that this statute affixes no criminal penalty for violations thereof, effectively disembowels the statute and leaves counties no meaningful incentive to comply with the law’s requirements.
¶ 33. Comporting with neither sound policy judgment nor our deeper attention to implied causes of action, today’s decision is one from which I respectfully dissent.
CHANDLER, J., JOINS THIS OPINION.