**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Lisa Randolph and George Randolph, Appellants,

v.

Dolgencorp, LLC, d/b/a Dollar General Store #76751, a/k/a Dollar General; Cherokee County; and Blacksburg Police Department, Defendants,

Of Whom Cherokee County and Blacksburg Police Department are the Respondents.

Appellate Case No. 2014-000981

———————

Appeal From Cherokee County
J. Mark Hayes, II, Circuit Court Judge

———————

Unpublished Opinion No. 2016-UP-149
Submitted January 1, 2016 – Filed March 30, 2016

———————

**AFFIRMED**

———————

Lisa Randolph and George Randolph, pro se.

Stephanie Holmes Burton, of Gibbes Burton, LLC, of Spartanburg; and Regina Hollins Lewis and Mary Daniel LaFave, both of Gaffney Lewis & Edwards, LLC, of Columbia, for Respondents.

———————

**PER CURIAM:** Lisa Randolph and George Randolph appeal the trial court's order dismissing their claims against Cherokee County and Blacksburg Police Department pursuant to Rule 12(b)(6), SCRCP. We affirm.[1]

1. The Randolphs' arguments concerning the South Carolina Unfair Trade Practices Act are not preserved for appellate review. *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial [court] to be preserved for appellate review.").

2. The trial court properly found Blacksburg Police Department was entitled to immunity from the Randolphs' tort claims under the South Carolina Tort Claims Act (the Tort Claims Act). *See* S.C. Code Ann. § 15-78-60(6) (2005) (providing the waiver of immunity under the Tort Claims Act does not apply when the loss is the result of a failure to provide the method of providing police protection); S.C. Code Ann. § 15-78-60(5) (2005) (providing the waiver of immunity under the Tort Claims Act does not apply when the loss is the result of the performance of an act within the discretion of the governmental entity or employee).[2]

3. The trial court properly dismissed the Randolphs' claims based on alleged violations of various rights under the United States Constitution because the Randolphs' complaint did not allege an injury as a result of a government policy or custom that amounted to a deliberate indifference to their constitutional rights. *See Moore v. Florence Sch. Dist. No. 1*, 314 S.C. 335, 338, 444 S.E.2d 498, 499 (1994) ("[42 U.S.C. §] 1983 allows a civil action to recover damages for deprivation of a constitutionally protected right."); *id.* at 338, 444 S.E.2d at 500 ("[A] local government may not be sued under § 1983 for an injury inflicted by its employee or agent unless the injury was inflicted *pursuant to official government policy*."); *Washington v. Whitaker*, 317 S.C. 108, 113, 451 S.E.2d 894, 897 (1994) ("The

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.
[2] We note that section 15-78-70(b) of the South Carolina Code (2005) does not apply in this case because that section concerns the liability of employees of governmental entities. *See* § 15-78-70(b) ("Nothing in this chapter may be construed to give *an employee of a governmental entity* immunity from suit and liability if it is proved that the employee's conduct was not within the scope of his official duties or that it constituted actual fraud, actual malice, intent to harm, or a crime involving moral turpitude." (emphasis added)).

plaintiff must show that such policy or custom amounted to a 'deliberate indifference' to their constitutional rights." (quoting *Todd v. Smith*, 305 S.C. 227, 233, 407 S.E.2d 644, 648 (1991))).

The trial court properly dismissed the Randolphs' claim for "denied and deprived victim's rights." *See* S.C. Const. art. I, § 24(B) (providing that the South Carolina Victim's Bill of Rights does not "create[] a civil cause of action on behalf of any person against any public employee, public agency, the State, or any agency responsible for the enforcement of rights and provision of services contained in this section").

The trial court properly dismissed the Randolphs' purported causes of action for official misconduct and conspiracy to commit larceny because these criminal offenses do not provide for private causes of action. *See* S.C. Code Ann. § 8-1-80 (Supp. 2015) (codifying the crime of official misconduct); S.C. Code Ann. § 16-17-410 (2015) (codifying the crime of conspiracy); S.C. Code Ann. § 16-13-30 (2015) (codifying the crimes of petit larceny and grand larceny); *Adkins v. S.C. Dep't of Corr.*, 360 S.C. 413, 418, 602 S.E.2d 51, 54 (2004) ("The primary consideration in deciding whether a private cause of action should be implied under a criminal statute is legislative intent."); *id.* ("[T]he general rule is that a statute which does not purport to establish a civil liability, but merely makes provision to secure the safety or welfare of the public as an entity is not subject to a construction establishing a civil liability." (quoting *Whitworth v. Fast Fare Mkts. of S.C., Inc.*, 289 S.C. 418, 420, 338 S.E.2d 155, 156 (1985))).

The Randolphs' argument the trial court erred in dismissing their claims prior to discovery is without merit because a trial court's ruling on a motion to dismiss under Rule 12(b)(6), SCRCP, is based entirely on the allegations set forth within the complaint. *See Doe v. Marion*, 373 S.C. 390, 395, 645 S.E.2d 245, 247 (2007) ("In considering a motion to dismiss a complaint based on a failure to state facts sufficient to constitute a cause of action, the trial court must base its ruling solely on allegations set forth in the complaint.").

Furthermore, we find the facts stated in the Randolphs' complaint are insufficient to support a claim against Cherokee County or Blacksburg Police Department under any legal theory. Accordingly, the trial court properly dismissed all claims against Cherokee County and Blacksburg Police Department. *See Ashley River Props. I, LLC v. Ashley River Props. II, LLC*, 374 S.C. 271, 278, 648 S.E.2d 295, 298 (Ct. App. 2007) ("The trial court's grant of a motion to dismiss will be

sustained only if the facts alleged in the complaint do not support relief under any theory of law.").[3]

**AFFIRMED.**

**FEW, C.J., and KONDUROS and LOCKEMY, JJ., concur.**

---

[3] In their brief, the Randolphs have cited various legal authorities unrelated to any of the claims stated in their complaint. To the extent the Randolphs argue they are entitled to relief under any cause of action not pled in their complaint, those issues are unpreserved. *See Wilder Corp.*, 330 S.C. at 76, 497 S.E.2d at 733 ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial [court] to be preserved for appellate review.").