**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Nathaniel Williams, Appellant,

v.

South Carolina Department of Corrections, Respondent.

Appellate Case No. 2016-002347

Appeal From The Administrative Law Court
Deborah Brooks Durden, Administrative Law Judge

Unpublished Opinion No. 2018-UP-124
Submitted January 1, 2018 – Filed March 21, 2018

**AFFIRMED**

Nathaniel Williams, pro se.

Christina Catoe Bigelow, of the South Carolina
Department of Corrections, of Columbia, for Respondent.

**PER CURIAM:** Nathaniel Williams appeals an order from the Administrative Law Court (ALC) arguing the ALC erred in summarily dismissing his appeal from the South Carolina Department of Corrections (SCDC). Williams argues the ALC had subject matter jurisdiction to hear his claim because SCDC's termination of his

increased-wage employment implicated a state-created property interest. We affirm.[1]

We find Williams's case does not reach constitutional dimensions and summary dismissal was proper. *See Slezak v. S.C. Dep't of Corr.*, 361 S.C. 327, 331, 605 S.E.2d 506, 508 (2004) (per curiam) ("Summary dismissal may be appropriate where the inmate's grievance does not implicate a state-created liberty or property interest."); *Al-Shabazz v. State*, 338 S.C. 354, 382, 527 S.E.2d 742, 757 (2000) ("Courts traditionally have adopted a 'hands off' doctrine regarding judicial involvement in prison disciplinary procedures and other internal prison matters, although they must intercede when infringements complained of by an inmate reach constitutional dimensions."). In *Wicker v. S.C. Department of Corrections*, the supreme court determined the ALC had jurisdiction to hear inmate wage appeals because the statute[2] created a state-created property interest in wages inmates had already earned. 360 S.C. 421, 424-25, 602 S.E.2d 56, 58 (2004). However, Williams's case is not controlled by *Wicker* because Williams seeks the right to continue earning future wages—not wages he has already earned. Further, the increased wages are promulgated not by state statute, but by SCDC regulations. Thus, no state-created property interest has been implicated. *See Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 577 (1972) ("To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it."); *Sullivan v. S.C. Dep't of Corr.*, 355 S.C. 437, 445, 586 S.E.2d 124, 128 (2003) (finding no state-created liberty interest in inmate participation in sex offender treatment programs promulgated by SCDC).

**AFFIRMED.**

**WILLIAMS, THOMAS, and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

[2] *See* S.C. Code Ann. § 24-3-420(D) (2007) ("No inmate participating in the [prison industries] program may earn less than the prevailing wage for work of similar nature in the private sector.").