# THE STATE OF SOUTH CAROLINA
## In The Court of Appeals

Desa Ballard, Appellant/Respondent,

v.

Newberry County, Respondent/Appellant.

Appellate Case No. 2017-002429

---

Appeal From Newberry County
Thomas A. Russo, Circuit Court Judge

---

Opinion No. 5787
Heard September 9, 2020 – Filed January 13, 2021

---

## AFFIRMED IN PART, REVERSED IN PART

---

Desa Ballard, Appellant/Respondent, Pro Se.

Boyd B. Nicholson, Jr., and Sarah P. Spruill, of
Haynsworth Sinkler Boyd, P.A., both of Greenville, for
Respondent/Appellant.

---

**HEWITT, J.:** This case is about whether there is a private right of action when public records have been inadvertently destroyed. It involves two chapters in Title 30 of the South Carolina Code: Chapter 1 (from here forward, the "Public Records Act") and Chapter 4 (the Freedom of Information Act, commonly called FOIA).

A FOIA request revealed that Newberry County failed to retain some government emails and text messages. The circuit court ruled that a private citizen could not

bring a civil suit claiming the failure violated the Public Records Act, but the court also ruled that failing to retain the records violated FOIA.  We agree there is no civil cause of action for violating the Public Records Act, but we find the circuit court erred when it held a public body violates FOIA if it fails to retain public records.

**FACTS**

This case arose out of attorney Desa Ballard's representation of a former part-time chief magistrate in Newberry County.  After the County resolved a legal dispute with a different magistrate, the County eliminated a stipend for certain magistrates and began the process of doing away with part-time magistrate positions.

Ballard filed a FOIA request with the County in December 2014.  Among other things, she sought communications to and from the county administrator pertaining to magistrate positions over a roughly five year period.

The County had problems collecting all of the potentially relevant documents.  The administrator's computer crashed in March 2014, months before Ballard's FOIA request, and the County did not have a central email server, a system for "backing up" and archiving email messages, or a system for retaining text messages, which Ballard also requested.

The parties were ultimately able to narrow the list of things the County would produce.  Still, the County produced roughly 2,000 pages of documents.  The County produced all of the administrator's post-crash emails and several pre-crash emails that the County recovered from other employees or through other means.  Ballard nevertheless maintained that the County's production was insufficient and claimed the County violated FOIA in not retaining all emails and text messages that were "public records."

The circuit court split its findings into three sections.  First, the circuit court found the County had "no archiving policy, no document retention policy, and no FOIA compliance policy in place" as it related to electronic data.  The court further found the County "had no system in place for backing up or archiving county emails, no connected email servers, no cloud storage, [] no end user back-ups," and that this violated FOIA.  The court believed a declaratory judgment to this effect was all the relief it could grant because any information beyond what the County already produced appeared to have been inadvertently and irretrievably destroyed.

Second, the circuit court ruled Ballard did not have a private right of action to sue for the County's alleged violations of the Public Records Act.  The court based its

decision on the absence of a statute creating such a right and the fact that the Public Records Act explicitly references criminal liability, not civil liability.

Third and finally, the circuit court found the County violated FOIA in failing to disclose the "specific purpose" of several executive sessions held during prior county council meetings. The court awarded Ballard roughly half of her attorney's fees based on its view that the case produced a "split" result.

## ISSUES

The County did not appeal the FOIA violation related to executive sessions and the award of attorney's fees. Thus, all parties agree these portions of the circuit court's judgment will stand.

Ballard argues the circuit court erred in holding there is not a private right of action to sue under the Public Records Act. She also argues the circuit court erred in failing to award all of her attorney's fees rather than roughly half of those fees.

The County cross-appeals and argues its failure to retain emails and text messages does not violate FOIA.

## STANDARD OF REVIEW

This case requires us to construe the Public Records Act and FOIA. "Determining the proper interpretation of a statute is a question of law, and this Court reviews questions of law de novo." *Lambries v. Saluda Cty. Council*, 409 S.C. 1, 7, 760 S.E.2d 785, 788 (2014) (quoting *Town of Summerville v. City of N. Charleston*, 378 S.C. 107, 110, 662 S.E.2d 40, 41 (2008)).

## PUBLIC RECORDS ACT

The Public Records Act consists of sections 30-1-10 through -180 of the South Carolina Code. Among other things, it defines a "public body," identifies the legal custodian of public records, and explains that the Department of Archives and History is responsible for establishing efficient and economical "standards, procedures, techniques, and schedules" for public bodies to manage the ocean of information they produce. S.C. Code Ann. §§ 30-1-10(B), -20, & -80 (2007).

The Public Records Act also contains enforcement mechanisms. It is a crime to unlawfully remove, deface, or destroy a public record. *See* S.C. Code Ann § 30-1-30 (2007). It is also a crime for a public official to refuse or willfully neglect to perform

any of his or her statutory duties. *See* S.C. Code Ann. § 30-1-140 (2007). If someone refuses to surrender a public record to the record's legal custodian or to the Department of Archives, that is a separate crime, and the act empowers certain individuals to bring a civil action for the record's surrender. *See* S.C. Code Ann. § 30-1-50 (2007). Critically, nothing in the Public Records Act grants any interested party, however well-intentioned, the right to enforce the act by bringing a civil action.

We agree with the circuit court that there is also no implied civil right to enforce these statutes. A bellwether case on implied causes of action is *Whitworth v. Fast Fare Markets of South Carolina, Inc.*, which explains "the general rule [] that a statute which does not purport to establish a civil liability, but merely makes [a] provision to secure the safety or welfare of the public as an entity is not subject to a construction establishing a civil liability." 289 S.C. 418, 420, 338 S.E.2d 155, 156 (1985) (quoting 73 Am. Jur. 2d, *Statutes* § 432 (1974)). A private right of action will "be implied only if the legislation was enacted for the special benefit of a private party." *Doe v. Marion*, 373 S.C. 390, 397, 645 S.E.2d 245, 248 (2007).

No one appears to dispute that the Public Records Act was not enacted for anyone's particular benefit. There is also a virtually unbroken string of precedents refusing to recognize implied rights of action in statutes that—like the Public Records Act—describe the government's basic structure and operation.[1]

If we were to recognize a general right to seek a declaratory judgment that the Public Records Act has been violated, we would be creating something the General Assembly did not create and might not create if it considered the issue. We are not at liberty to add to the statutory law or subtract from it.

---

[1] *Kubic v. MERSCORP Holdings, Inc.*, 416 S.C. 161, 785 S.E.2d 595 (2016); *Marion*, 373 S.C. 390, 645 S.E.2d 245; *Adkins v. S.C. Dep't of Corr.*, 360 S.C. 413, 602 S.E.2d 51 (2004); *Camp v. Springs Mortg. Corp.*, 310 S.C. 514, 426 S.E.2d 304 (1993); *Citizens for Lee Cty., Inc. v. Lee Cty.*, 308 S.C. 23, 416 S.E.2d 641 (1992); *Dorman v. Aiken Commc'ns, Inc.*, 303 S.C. 63, 398 S.E.2d 687 (1990); *Whitworth*, 289 S.C. 418, 338 S.E.2d 155; *Patterson v. I.H. Servs., Inc.*, 295 S.C. 300, 368 S.E.2d 215 (Ct. App. 1988); *Herald Pub. Co. v. Barnwell*, 291 S.C. 4, 351 S.E.2d 878 (Ct. App. 1986).

**FOIA VIOLATION**

FOIA is the nub of this appeal. As Ballard sees it, FOIA allows her to bring a declaratory judgment and enforce the Public Records Act. Building on that premise, she argues there was no "split" result in this case. She says her singular claim that the County was not properly preserving public records fully succeeded and she should consequently be awarded all of her attorney's fees rather than half.

From the County's perspective, the inadvertent destruction of public records is a violation of the Public Records Act, not of FOIA. The County does not object to the amount of fees the circuit court awarded, but argues no additional fees are appropriate.

There is no denying these statutory regimes are related to each other. The Public Records Act imports from FOIA the definition of "public record." § 30-1-10(A). Public records are a large part of how FOIA furthers its announced purpose: to ensure "that public business be performed in an open and public manner[.]" S.C. Code. Ann. § 30-4-15 (2007). To that end, FOIA grants citizens the right to inspect public records, copy public records, or receive public records electronically. S.C. Code Ann. § 30-4-30(A)(1) (Supp. 2019). Certain records are exempt from disclosure, but that does not diminish the point. There is little value in the right to inspect public records if there are no public records for citizens to inspect.

This issue presents a difficult question. It is possible to frame Ballard's contention in a way that makes an answer in her favor seem instinctive. It would be natural for a citizen denied the right to inspect a document that was not retained by a public body to say the public body has violated FOIA. That person might make the argument by pointing out that FOIA's definition of a public record is breathtakingly broad—it includes "all" documentary materials, regardless of form, that are prepared *or* retained by a public body, and that FOIA itself grants citizens the right to inspect and copy public records. S.C. Code Ann. §§ 30-4-20(c), -30(A)(1) (2007 & Supp. 2019).

Even so, we find the County's argument is more faithful to the statutory text. FOIA and the Public Records Act run on parallel tracks, but they differ from each other in a key respect. When read literally, FOIA treats everything a public body produces as a public record. Perhaps because keeping everything would be overwhelming, if not impossible, the Public Records Act acknowledges up front that public bodies are not expected to retain everything they produce. FOIA grants citizens the right "to enforce the provisions of *this chapter*[.]" S.C. Code Ann. § 30-4-100(A) (Supp.

2019) (emphasis added). There is no disputing the Public Records Act is codified in a different chapter.

It is the Public Records Act—not FOIA—that requires the Department of Archives to develop a program and standards for public bodies in managing their public records. *See* § 30-1-80. It is the Public Records Act—not FOIA—that requires the legal custodian of public records to follow that program. *See id.* If a public body violates the requirement to implement a program for archiving and maintaining public records, it violates the Public Records Act—not FOIA. These are separate statutory regimes, and the plain text of FOIA's civil remedy instructs that it is not a tool for enforcing statutes that are not a part of FOIA.

Ballard points us to *Brock v. Town of Mount Pleasant* because in that case, the circuit court declined to find a violation of the Public Records Act but also enjoined a public body from deleting and eliminating records in the future. 411 S.C. 106, 767 S.E.2d 203 (Ct. App. 2014). This court said the trial court in *Brock* did not err in refusing to address past email deletions because "the law in this area is ever developing." *Id.* at 122, 767 S.E.2d at 211. The circuit court's injunction was not appealed, and nothing in this court's opinion remotely approaches a holding that the Public Records Act contains a private right of action or that a past violation of that act is also a violation of FOIA.

We do not overlook Ballard's argument that reversing the FOIA violation could be viewed as frustrating FOIA's purpose and government accountability. With utmost respect, we disagree. We highly doubt our holding will in any way encourage public bodies to violate the Public Records Act. For one, doing so would expose the participating individuals to criminal liability. *See* §§ 30-1-20, -50. Concerns about increased sunlight in government, while undeniably legitimate, cannot overcome the statutory limitation that a private right of action under FOIA must be tied to enforcing FOIA.

We emphasize that the only evidence with support in the record is that by the time Ballard submitted her FOIA request, the documents in question did not exist and were not in the County's possession. Destruction of pertinent documents covered by a then-pending FOIA request could very well present a different question.

**PUBLIC IMPORTANCE STANDING**

Ballard asks to enforce the Public Records Act under the "public importance" exception to standing if she may not enforce those statutes through FOIA. Our supreme court has explained that "[t]he key to the public importance analysis is

whether a resolution is needed for future guidance." *ATC South, Inc. v. Charleston Cty.*, 380 S.C. 191, 199, 669 S.E.2d 337, 341 (2008).

We do not see an urgent need for future guidance here. Nothing distinguishes this case from any other conceivable case a citizen could bring challenging whether a public body is following the Public Records Act and its accompanying regulations. *See, e.g.*, S.C. Code Ann. Regs. 12-503.15 (2011) (specifying a county council's obligations for general correspondence and "subject files"). Finding standing here could well invite countless copycat suits filed against public bodies both large and small. That many of these suits might be well-intentioned is beside the point. The Public Records Act delineates specific means of enforcement. We believe it is best to exercise restraint and refuse to do indirectly what the General Assembly could have done directly. We will not recognize a civil right to enforce the act when the General Assembly did not include such a right in the Code.

**CONCLUSION**

We affirm the circuit court's finding that there is no private right of action for a citizen to bring a civil suit against a public body under the Public Records Act, affirm its award of attorney's fees, and reverse its judgment that the County violated FOIA in failing to retain certain emails and text messages.

**AFFIRMED IN PART, REVERSED IN PART.**

**THOMAS and HILL, JJ., concur.**