**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE
CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Kim Likins, Respondent/Appellant,

v.

C.C. "Skip" Hoagland, Appellant/Respondent.

Appellate Case No. 2020-001126

Appeal From Beaufort County
R. Lawton McIntosh, Circuit Court Judge

Unpublished Opinion No. 2023-UP-280
Heard June 6, 2023 – Filed August 2, 2023

**AFFIRMED**

Taylor Meriwether Smith, IV, of Harrison, Radeker &
Smith, P.A., of Columbia, and Barrett Ray Brewer, of
Brewer Law Firm, LLC, of Mt. Pleasant, for
Appellant/Respondent.

George Trenholm Walker and John Phillips Linton, Jr.,
both of Walker Gressette Freeman & Linton, LLC, of
Charleston; and Gregory Milam Alford, of Alford Law
Firm, LLC, of Hilton Head Island, all for
Respondent/Appellant.

**PER CURIAM:** In this cross-appeal, C.C. "Skip" Hoagland appeals the circuit court's decision holding him in contempt of court for violating a gag order in the defamation lawsuit filed against him by Hilton Head Town Council Member, Kim Likins. Likins appeals the circuit court's order denying her request for an injunction to prohibit Hoagland from harassing Likins and contacting her employer. We affirm the circuit court's order pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to Hoagland's argument the circuit court erred in finding him in contempt of court for violating an unconstitutional gag order, we find the issued unpreserved. *See Buckner v. Preferred Mut. Ins. Co.*, 255 S.C. 159, 160-61, 177 S.E.2d 544, 544 (1970) (holding an unchallenged ruling, "right or wrong, is the law of this case and requires affirmance"); *Davis v. Parkview Apartments*, 409 S.C. 266, 281, 762 S.E.2d 535, 543 (2014) (finding the appeal of the imposition of sanctions for violating discovery orders on the basis the discovery order was inappropriate failed because the appellant never challenged the propriety of the underlying orders).

2. As to Likins's argument the circuit court erred in denying her motion for injunction on the basis she had an adequate legal remedy and the injunction may constitute a prior restraint, we affirm. *See Strategic Res. Co. v. BCS Life Ins. Co.*, 367 S.C. 540, 544, 627 S.E.2d 687, 689 (2006) ("An order granting or denying an injunction is reviewed for [an] abuse of discretion."); *Scratch Golf Co. v. Dunes W. Residential Golf Props., Inc.*, 361 S.C. 117, 121, 603 S.E.2d 905, 907 (2004) ("An injunction is a drastic remedy issued by the court in its discretion to prevent irreparable harm suffered by the plaintiff."); *Milliken & Co. v. Morin*, 386 S.C. 1, 8, 685 S.E.2d 828, 832 (Ct. App. 2009), *aff'd as modified*, 399 S.C. 23, 731 S.E.2d 288 (2012) ("The party seeking an injunction must prove it has no adequate remedy at law."); *Santee Cooper Resort, Inc. v. S.C. Pub. Serv. Comm'n*, 298 S.C. 179, 185, 379 S.E.2d 119, 123 (1989) ("An 'adequate' remedy at law is one which is as certain, practical, complete and efficient to attain the ends of justice and its administration as the remedy in equity."); *Dorman v. Aiken Commc'ns, Inc.*, 303 S.C. 63, 66, 398 S.E.2d 687, 689 (1990) ("Governmental action constitutes a prior restraint when it is directed to suppressing speech because of its content before the speech is communicated."); *Pond Place Partners, Inc. v. Poole*, 351 S.C. 1, 19, 567 S.E.2d 881, 891 (Ct. App. 2002) (discussing slander of title and noting that by contrast, defamation normally cannot be enjoined); *Alberti v. Cruise*, 383 F.2d 268, 272 (4th Cir. 1967) ("Generally an injunction will not issue to restrain torts, such as defamation or harassment, against the person."); *B2Gold Corp. v. Christopher*, No. 1:18-CV-1202, 2020 WL 2846633, at *7 (E.D. Va. May 28, 2020) (noting

while several appellate courts have held a court may enjoin a defendant from repeating judicially determined false and defamatory statements, the Fourth Circuit has not addressed the issue).

3.  As to Likins's remaining arguments, we decline to address them as the prior issues presented are dispositive. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (declining to address an issue when other issues are dispositive of the matter).

**AFFIRMED.**

**KONDUROS and VINSON, JJ., and LOCKEMY, A.J., concur.**