# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

Gary Kubic, in his official capacity as County Administrator for Beaufort County, South Carolina, and Dale L. Butts, in his official capacity as Register of Deeds for Beaufort County, South Carolina, Respondents,

v.

MERSCORP Holdings, Inc., Mortgage Electronic Registrations Systems, Inc., Bank of America, N.A., Deutsche Bank National Trust Company, JPMorgan Chase Bank, N.A., CitiMortgage, Inc., HSBC Bank USA, N.A., HSBC Mortgage Corporation (USA), HSBC Mortgage Services, Inc., South State Bank, Coastal Banking Company, Inc., and Tidelands Bank, Petitioners.

_____

2013-CP-07-1340

_____

Thessa G. Smith, in her official capacity as County Administrator for Allendale County, South Carolina, and Elaine Sabb, in her official capacity as Register of Deeds for Allendale County, South Carolina, Respondents,

v.

MERSCORP Holdings, Inc., Mortgage Electronic Registrations Systems, Inc., Bank of America, N.A., South State Bank, SunTrust Mortgage, Inc., Branch Banking and Trust Company, Citibank, N.A., Quicken Loans, Inc., Wells Fargo Bank, N.A., Regions Bank, and Green Tree Servicing, LLC, Petitioners.

_____

2014-CP-03-00146

_____

Andrew P. Fulghum, in his official capacity as County Administrator for Jasper County, South Carolina, and Patsye M. Greene, in her official capacity as Register of Deeds for Jasper County, South Carolina, Respondents,

v.

MERSCORP Holdings, Inc., Mortgage Electronic Registrations Systems, Inc., Bank of America, N.A., CitiMortgage, Inc., South State Bank, Nationstar Mortgage, LLC, Wells Fargo Bank, N.A., SunTrust Mortgage, Inc., Branch Banking and Trust Company, 1st Choice Mortgage/Equity Corporation of Lexington, Regions Bank, and Countrywide Home Loans, Inc., Petitioners.

_____

2014-CP-27-00242

_____

Sabrena P. Graham, in her official capacity as County Administrator for Hampton County, South Carolina, and Mylinda Nettles, in her official capacity as Register of Deeds for Hampton County, South Carolina, Respondents,

v.

MERSCORP Holdings, Inc., Mortgage Electronic Registrations Systems, Inc., Bank of America, N.A., South State Bank, Wells Fargo Bank, N.A., SunTrust Mortgage, Inc., Branch Banking and Trust Company, and Countrywide Home Loans, Inc., Petitioners.

_____

2014-CP-25-00262

_____

Kevin Griffin, in his official capacity as County Administrator for Colleton County, South Carolina, and Debbie Gusler, in her official capacity as Register of Deeds for Colleton County, South Carolina, Respondents,

v.

MERSCORP Holdings, Inc., Mortgage Electronic Registrations Systems, Inc., Bank of America, N.A., South State Bank, SunTrust Mortgage, Inc., Branch Banking and Trust Company, Countrywide Home Loans, Inc., Citibank, N.A., TD Bank, N.A., Quicken Loans, Inc., and Capital One, N.A., Petitioners.

_____

2014-CP-15-00650

_____

Appellate Case No. 2015-001366

_____

Appeal from Beaufort County
The Honorable R. Lawton McIntosh, Circuit Court Judge

_____

Opinion No. 27619
Heard February 10, 2016 – Filed March 30, 2016

_____

**REVERSED**

_____

J. Edward Bell, III, of Bell Legal Group, of Georgetown, for Petitioner Capital One, N.A.; Tobias G. Ward, Jr. and

J. Derrick Jackson, of Tobias G. Ward, Jr., PA, of Columbia, for Petitioner 1st Choice Mortgage/Equity Corporation of Lexington; B. Rush Smith, III, and Brian P. Crotty, of Nelson Mullins Riley & Scarborough, LLP, of Columbia, for Petitioners MERSCORP Holdings, Inc., et al., Bank of America, N.A., Countrywide Home Loans, Inc., Quicken Loans, Inc., Wells Fargo Bank, N.A., CitiMortgage, Inc. and Citibank, N.A., JPMorgan Chase Bank, N.A., Deutsche Bank National Trust; C. Pierce Campbell, of Turner Padget Graham & Laney, PA, of Florence, for Petitioner South State Bank; Michael C. Griffin, of Bradley Arant Boult Cummings, LLP, of Charlotte, NC, for Petitioner Nationstar Mortgage, LLC; William Grayson Lambert, of McGuireWoods, LLP, of Charlotte, NC, for Petitioner TD Bank, N.A.; Clay M. Carlton and Robert M. Brochin, of Miami, FL, for Petitioner MERSCORP Holdings, Inc., et al.; Brian A. Herman, of Morgan Lewis & Bockius LLP, of New York, NY, for Petitioner JPMorgan Chase Bank, N.A.; Lucia Nale and Thomas V. Panoff, of Mayer Brown LLP, of Chicago, IL, for Petitioners CitiMortgage, Inc. and Citibank, N.A.; Robert E Sumner, IV, of Moore & Van Allen, PLLC, of Charleston, for Petitioner Tidelands Bank; Joseph F. Yenouskas and Thomas F. Hefferon, of Goodwin Procter LLP, of Washington, DC, for Petitioners Bank of America, N.A., Countrywide Home Loans, Inc., Quicken Loans, Inc., and Wells Fargo Bank, N.A.; Elizabeth A. Frohlich, of Morgan Lewis & Bockius, of San Francisco, CA, for Petitioner Deutsche Bank National Trust.

James P. Scheider, Jr., Roberts Vaux, and Antonia T. Lucia, of Vaux Marscher Berglind, P.A., of Bluffton, for Respondents.

--------

**ACTING CHIEF JUSTICE HEARN:** This case is a consolidation of five separate lawsuits instituted by county administrators and registers of deeds in

Allendale, Beaufort, Colleton, Hampton, and Jasper Counties (collectively, Respondents) against MERSCORP Holdings, Inc.; Mortgage Electronic Registrations Systems, Inc. (MERS); and numerous banking institutions (collectively, Petitioners). Respondents contend Petitioners have engaged in a practice of fraudulent recordings that have disrupted the integrity of the public index Respondents are statutorily required to maintain. Petitioners filed a motion to dismiss, which the trial court denied. Petitioners then filed a motion for a writ of certiorari pursuant to Rule 245, SCACR, which this Court granted. We now reverse the decision of the trial court and dismiss Respondents' suits.

## FACTUAL/PROCEDURAL BACKGROUND

Because this appeal arises from the denial of a motion to dismiss, we accept the facts as alleged in the complaint for the purposes of our analysis. MERS is a subsidiary of MERSCORP and is a member-based organization made up of lenders and investors, including mortgage banks, title companies, and title insurance companies. When MERS member-lenders issue a mortgage and promissory note, MERS is listed as the mortgagee, specifically as "nominee" in place of the lender. The mortgage is then recorded in the county where the real property is located, and internally, the loan is registered in the MERS system. Accordingly, MERS becomes the grantee in the public index, despite the fact that MERS holds no security interest in the promissory note. This allows the lender to retain priority with MERS as the nominee without having to record each time there is an assignment of the mortgage when the promissory note is transferred. MERS essentially provides a convenient framework through which members can transfer notes amongst themselves without having to record each exchange. However, as a result of this system, the public index may not accurately reflect who has an interest in the real property, as the note has been severed from the mortgage.

Respondents filed lawsuits in their respective counties against Petitioners, alleging fraud and misrepresentation, unfair trade practices, conversion, and trespass to chattels. Additionally, Respondents sought a declaratory judgment stating Petitioners had caused damage to the public index in recording false documents. Furthermore, they requested injunctive relief enjoining Petitioners from recording any document indicating MERS has a lien on real property as well as requiring Respondents to correct the falsely filed documents. Respondents prayed for direct and consequential damages to remediate deficiencies in the index, as well as compensatory and punitive damages in the event the errors in the records

could not be ameliorated.  Chief Justice Jean H. Toal signed an order consolidating the cases and assigning them to Business Court Judge R. Lawton McIntosh.

Petitioners then filed a joint motion to dismiss, arguing Respondents "lack contractual standing," the lawsuit was barred by section 30-9-30 of the South Carolina Code (2007), the parties may designate MERS as mortgagee, and the complaints fail to state a cognizable claim.

The trial court denied the motion to dismiss in a form order stating: "As this is a novel issue of law[,] motions to dismiss are inappropriate at this time under *Byrd v. Irmo [High School*, 321 S.C. 426, 468 S.E.2d 861 (1996)].  No formal order to follow."  Petitioners filed a petition for a writ of certiorari, which this Court granted.[1]

## ISSUE PRESENTED

Did the trial court err in failing to grant Petitioners' motion to dismiss because Respondents failed to state a cause of action?

## LAW/ANALYSIS

Petitioners contend section 30-9-30(B) does not provide Respondents authority to bring this cause of action, and on this ground, the suit should be dismissed.  Respondents argue this statute allows them to bring this suit by implication.  We agree with Petitioners.[2]

---

[1] The denial of a motion to dismiss is ordinarily not immediately appealable; however, in this matter the Court found a writ of certiorari was warranted.  *See Laffitte v. Bridgestone Corp.*, 381 S.C. 460, 471, 674 S.E.2d 154, 160 (2009) (explaining this Court may issue a writ of certiorari when exceptional circumstances exist despite an order not being directly appealable).

[2] The parties dispute the scope of the issue on appeal.  Petitioners maintain the issue is whether the General Assembly created a right of action for Respondents to bring this suit.  Respondents prefer to reframe the issue more broadly and contend it is one of standing.  Whether a party has standing and whether a party has stated a cognizable cause of action are discrete inquiries.  *See, e.g.*, *Georgetown Cnty. League of Women Voters v. Smith Land Co.*, 393 S.C. 350, 358 n.4, 713 S.E.2d 287, 291 n.4 (2011) ("To have standing, an individual must generally have a personal stake in the litigation or qualify as a real party in interest.  By contrast, the

At the outset, we find the trial court erred in declining to dismiss the suit on the ground this was a novel issue. Although our Court has held that "important questions of novel impression should not be decided on a motion to dismiss," this general rule does not apply when the determinative facts are not in dispute. *See Unisys Corp. v. S. Carolina Budget & Control Bd. Div. of Gen. Servs. Info. Tech. Mgmt. Office*, 346 S.C. 158, 165, 551 S.E.2d 263, 267 (2001). Where, as here, the question is one of simple statutory construction, a trial court should not deny a meritorious motion merely because the question is one of first impression.

Our focus in statutory construction is ascertaining the intent of the legislature, and we turn first to the text of a statute as the best evidence of legislative will. *Horry Tel. Co-op., Inc. v. City of Georgetown*, 408 S.C. 348, 353, 759 S.E.2d 132, 134 (2014). Therefore, questions of whether the legislature intended to create a private cause of action should be resolved by the language of the statute. *16 Jade St., LLC v. R. Design Const. Co.*, 405 S.C. 384, 389, 747 S.E.2d 770, 773 (2013). "When a statute does not specifically create a private cause of action, one can be implied only if the legislation was enacted for the special benefit of a private party." *Doe v. Marion*, 373 S.C. 390, 397, 645 S.E.2d 245, 248 (2007). Generally, "a statute which does not purport to establish a civil liability, but merely makes provision to secure the safety or welfare of the public as an entity is not subject to a construction establishing civil liability." *Whitworth v. Fast Fare Markets of S.C. Inc.*, 289 S.C. 418, 420 388, S.E.2d 155, 156 (1985) (quoting 73 Am. Jur. 2d, Statutes §432 (1974)).

Section 30-9-30(B)(1)-(2) provides:

(1) If a person presents a conveyance, mortgage, judgment, lien, contract, or other document to the clerk of court or the register of deeds for filing or recording, *the clerk of court or the register of deeds may refuse to accept the document for filing if he reasonably believes that the document is materially false or fraudulent or is a sham legal process.* Within thirty days of a written notice of such refusal, the

determination of whether a party has a private right of action under a particular statute is merely a matter of legislative intent.") (Hearn, J., concurring in part and dissenting in part) (internal citations omitted). Respondents cannot recast Petitioners' appeal as a question of standing, and we therefore address the challenge actually asserted by Petitioners—whether the statute invoked by Respondents permits them to bring this action.

person presenting the document may commence a suit in a state court of competent jurisdiction requiring the clerk of court or the register of deeds to accept the document for filing.

(2) *If the clerk of court or the register of deeds reasonably believes that a conveyance, mortgage, judgment, lien, contract, or other document is materially false or fraudulent, or is a sham legal process, the clerk of court or the register of deeds may remove the document from the public records* after giving thirty days' written notice to the person on whose behalf the document was filed at the return address provided in the document. Within thirty days written notice of the proposed removal, the person providing the notice[3] may commence a suit in a state court of competent jurisdiction preventing the clerk of court or the register of deeds from removing the document.

(emphasis added). Respondents suggest that because section 30-9-30 allows the register of deeds to reject and remove fraudulent documents, by implication, the statute provides Respondents "the power to commence litigation to remediate the record and ask guidance from this Court."

Although a statute need not *expressly* create a cause of action, we do not agree the language of section 30-9-30(B) can be expanded in the manner Respondents propose. Our rules of construction allow this Court to infer a cause of action "*only* if the legislation was enacted for the special benefit of a private party." *Doe v. Marion*, 373 S.C. at 397, 645 S.E.2d at 248 (emphasis added). Here, Respondents ask the Court to imply a right of action to *government officials* who are not expressly entitled to some special benefit under the statute; rather, the statute merely offers guidance as to how they should carry out their job duties. If anything, the language clearly acknowledges that it is incumbent on Respondents to accept and record appropriate filings and any dereliction in that duty is actionable by the party who filed the document.[4] Contrary to Respondents'

---

[3] The parties agreed at oral argument that the use of the phrase "the person providing the notice"—which would be the clerk or register of deeds—is a typographical error and should be a reference to the person on whose behalf the document was filed.

[4] For this reason, we similarly reject Respondents' argument they are entitled to declaratory relief under the Uniform Declaratory Judgment Act, Section 15-53-10 to -140 (2005). The purpose behind the Act is to "provide for declaratory

assertion, it is the "person presenting the document" who is entitled to "commence a suit in a state court" to require the clerk of court or register of deeds to accept a document for filing or to prevent him or her from removing a document. S.C. Code Ann. § 30-9-30(B)(1)–(2). When the legislature delineated who would be able to bring a suit pursuant to section 30-9-30(B), it chose not to afford that right to government officials. We decline to imply language into a deliberate silence because to do so would be to rewrite the statute.

Additionally, the statute already provides a remedy to government officials by allowing them to remove or reject any fraudulent records; by its express language a judicial blessing or directive is not required (and thus, not permitted) in performance of this executive function. Nevertheless, Respondents complain "[t]he tools provided were not sufficient to preserve the integrity of the public record from fraudulent and pervasive effects of a shadow recording system which would go undetected until substantial harm had been done." However laudable the interest in protecting the public index may be, our limited role here is discerning legislative intent from the statutory text. If Respondents are dissatisfied with the powers the legislature has outlined for them, that should be taken up with the General Assembly. It is not the province of this Court to legislate or imply remedies not specified by the legislature.[5]

---

judgments without awaiting a breach of existing rights." *Sunset Cay, LLC v. City of Folly Beach*, 357 S.C. 414, 423, 593 S.E.2d 462, 466 (2004). Here, none of Respondents' legal rights are being or will be abridged.

[5] Respondents also argue that South Carolina Court Administration *recommended* filing a lawsuit as a means of ferreting out fraudulent documents, relying on a court administration memorandum that states "if a clerk of court or register of deeds is not clear as to whether the document is fraudulent, it should be accepted for filing and subject to review by the court." Memorandum from Rosalyn Frierson, Director of Court Administration to Clerks of Court, Registers of Deed and Masters-In-Equity (August 25, 2010). From this language, Respondents claim they are entitled to file this lawsuit. We disagree. This memorandum does not have the force of law. Moreover, while we do not agree with Respondents that it intimates this lawsuit is proper, to the extent it might be read that way, it conflicts with the clear language of the statute and is therefore not controlling.

## CONCLUSION

Based on the foregoing, we find Respondents have failed to state a claim and therefore reverse the trial court's denial of Petitioners' motion to dismiss.

**Acting Justices Aphrodite K. Konduros, John D. Geathers, William H. Seals and Tanya A. Gee, concur.**