**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Kimberly Ann Condra, Appellant,

v.

Gregory Scott Childers and Jeffrey Steven Childers, Respondents.

Appellate Case No. 2020-001657

---

Appeal From York County
William A. McKinnon, Circuit Court Judge

---

Unpublished Opinion No. 2023-UP-345
Submitted September 1, 2023 – Filed October 25, 2023

---

**AFFIRMED**

---

Lucy L. McDow, of Rock Hill, for Appellant.

David Vance Benson, of Elrod Pope Law Firm, of Rock Hill, for Respondent Jeffrey Steven Childers.

James W. Boyd, of James W. Boyd Law Firm, LLC, of Rock Hill, for Respondent Gregory Scott Childers.

---

**PER CURIAM:** Kimberly Ann Condra appeals the circuit court's verdict in favor of Gregory Scott Childers (Greg) following a bench trial on her claims of fraud, negligent misrepresentation, and violations of the South Carolina Unlawful Trade Practices Act (SCUTPA)[1] arising out of the renovation of her home after she hired Greg as a contractor. She also appeals the circuit court's directed verdict in favor of Greg's subcontractor and brother, Jeffrey Steven Childers (Steve), for claims of negligence and violations of SCUTPA alleged to have occurred during the same project. Condra contends the circuit court erred in (1) placing an affirmative burden on her to confirm Greg's builder's license; (2) finding section 40-59-260 of the South Carolina Code (2011) placed a duty on her to confirm Greg's license; (3) applying a careless and negligent standard rather than a reckless or grossly negligent standard to determine the reasonableness in considering her reliance in her fraud action; (4) improperly applying a justifiable reliance standard and a preponderance of the evidence burden of proof to her negligent misrepresentation cause of action; (5) finding the SCUTPA prohibits a consumer from recovering damages from an unlicensed builder for an unfinished construction project when the consumer prepaid the builder; and (6) granting a directed verdict to Steve on her negligence and SCUTPA actions when he was a licensed builder who assisted in the construction project causing her damages. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to issues 1, 2, 3, and 4: *Ardis v. Cox*, 314 S.C. 512, 515, 431 S.E.2d 267, 269 (Ct. App. 1993) (providing the elements of fraud are "(1) a representation; (2) its falsity; (3) its materiality; (4) either knowledge of its falsity or a reckless disregard of its truth or falsity; (5) intent that the representation be acted upon; (6) the hearer's ignorance of its falsity; (7) the hearer's reliance on its truth; (8) the hearer's right to rely thereon; and (9) the hearer's consequent and proximate injury"); *Schnellmann v. Roettger*, 368 S.C. 17, 23, 627 S.E.2d 742, 745 (Ct. App. 2006) ("[F]ailure to prove any element of fraud or misrepresentation is fatal to the claim." (quoting *O'Shields v. Southern Fountain Mobile Homes, Inc.*, 262 S.C. 276, 281, 204 S.E.2d 50, 52 (1974))), *aff'd as modified*, 373 S.C. 379, 645 SE.2.d 239 (2007); *Regions Bank v. Schmauch*, 354 S.C. 648, 672, 582 S.E.2d 432, 445 (Ct. App. 2003) ("[T]here is no right to rely, as required to establish fraud, where there is no confidential or fiduciary relationship and there is an arm's length transaction between mature, educated people. This is especially true in circumstances where one should have utilized precaution and protection to safeguard his interests."); *Florentine Corp. v. PEDA, Inc.*, 287 S.C. 382, 386, 339 S.E.2d 112, 114 (1985) (noting that "what constitutes reasonable diligence and prudence must be made on

[1] S.C. Code Ann. §§ 39-5-10 to -180 (2023).

a case[-]by[-]case basis" considering "the form and materiality of the representation; the respective age, experience, intelligence and mental and physical conditions of the parties; and the relations and respective knowledge and means of knowledge of the parties"); *Schnellmann*, 368 S.C. at 21, 627 S.E.2d at 745 (providing a defendant cannot be liable for matters that a plaintiff "could ascertain on his own in the exercise of due diligence" (quoting *Robertson v. First Union Nat'l Bank*, 350 S.C. 339, 348, 565 S.E.2d 309, 314 (Ct. App. 2002))); *id.* (finding in a fraud action for the misrepresentation of a home's square footage that due diligence was not exercised when the misrepresentation could have been discovered by requesting a copy of the appraisal or by having someone come in to measure the property); *Quail Hill, LLC v. County of Richland*, 387 S.C. 223, 241, 692 S.E.2d 499, 509 (2010) (finding in an action for the misrepresentation of the applicable zoning classification that due diligence was not exercised when appellants could have reviewed the zoning map to ascertain the correct zoning classification).

2. As to issue 5: S.C. Code Ann. § 39-5-20(a) ("Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful."); *Wright v. Craft*, 372 S.C. 1, 23, 640 S.E.2d 486, 498 (Ct. App. 2006) (noting to recover in an action under the SCUTPA, the plaintiff must show "(1) the defendant engaged in an unfair or deceptive act in the conduct of trade or commerce; (2) the unfair or deceptive act affected public interest; and (3) the plaintiff suffered monetary or property loss as a result of the defendant's unfair or deceptive act(s)"); *Lenz v. Walsh*, 362 S.C. 603, 608, 608 S.E.2d 471, 473 (Ct. App. 2005) ("[G]enerally, a homeowner may not recover payments already made to an unlicensed contractor merely because the contractor did not hold a license when the contract was executed."); *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 379 S.C. 181, 194, 666 S.E.2d 247, 254 (2008) ("To recover under the [SCUTPA], a plaintiff must prove a violation of the Act, proximate cause, and damages."), *overruled on other grounds by Sapp v. Ford Motor Co.*, 386 S.C. 143, 687 S.E.2d 47 (2009); S.C. Code Ann. § 39-5-140(a) ("Any person who suffers any *ascertainable loss* of money or property, real or personal, *as a result* of the use or employment by another person of an unfair or deceptive method, act or practice declared unlawful by [s]ection 39-5-20 may bring an action . . . to recover actual damages." (emphases added)).

3. As to issue 6: *Minter v. GOCT, Inc.,* 322 S.C. 525, 527, 473 S.E.2d 67, 69 (Ct. App. 1996) ("In deciding a motion for directed verdict, the evidence and all reasonable inferences must be viewed in the light most favorable to the nonmoving party. If more than one inference can be drawn from the evidence, the case must

be submitted to the jury."); *Vinson v. Hartley*, 324 S.C. 389, 399, 477 S.E.2d 715, 720 (Ct. App. 1996), ("To prevail in an action founded in negligence, the plaintiff must establish all three essential elements: (1) a duty of care owed by the defendant to the plaintiff; (2) a breach of that duty by a negligent act or omission; and (3) damage proximately caused by a breach of duty."), *aff'd*, 363 S.C. 421, 611 S.E.2d 488 (2005); *Denson v. Nat'l Cas. Co.*, 439 S.C. 142, 157, 886 S.E.2d 228, 236 (2023) ("The doctrine of negligence *per se* applies in negligence cases where a statute seeks to impose a duty on a would-be [d]efendant."); *id.* (noting the two criteria for a negligence per se claim: "(1) that the essential purpose of the statute is to protect from the kind of harm the plaintiff has suffered; and (2) that he is a member of the class of persons the statute intended to protect" (quoting *Rayfield v. S.C. Dep't of Corr.*, 297 S.C. 95, 103, 374 S.E.2d 910, 914 (Ct. App. 1988))); *16 Jade St., LLC v. R. Design Constr. Co.*, 405 S.C. 384, 389, 747 S.E.2d 770, 773 (2013) ("Generally, if a statute does not expressly establish civil liability, a duty will not be implied absent evidence the legislature enacted the statute for the benefit of a private party."); S.C. Code Ann. § 40-1-110(1)(c) (2011) (providing a licensing board can sanction a licensee when that person "intentionally or knowingly, directly or indirectly, violated or has aided or abetted in the violation or conspiracy to violate" the statutes governing licensing); *16 Jade St., LLC*, 405 S.C. at 390, 747 S.E.2d at 773 ("The only consequences imposed by virtue of an individual's license are to be meted out specifically by the appropriate licensing board, not a civil court."); *Vinson*, 324 S.C. at 401, 477 S.E.2d at 721 ("A negligent act or omission is a proximate cause of injury if, in a natural and continuous sequence of events, it produces the injury, and without it, the injury would not have occurred."); *Crolley v. Hutchins*, 300 S.C. 355, 357, 387 S.E.2d 716, 717 (Ct. App. 1989) (noting there is no liability for an unforeseeable injury); *Vinson*, 324 S.C. at 401, 477 S.E.2d at 721 ("One is not charged with foreseeing that which is unpredictable or which would not be expected to happen as a natural and probable consequence of the defendant's negligent act."); *Wright*, 372 S.C. at 23, 640 S.E.2d at 498 (noting to recover in an action under the SCUTPA, the plaintiff must show "(1) the defendant engaged in an unfair or deceptive act in the conduct of trade or commerce; (2) the unfair or deceptive act affected public interest; and (3) the plaintiff suffered monetary or property loss as a result of the defendant's unfair or deceptive act(s)"); *Lenz*, 362 S.C. at 608, 608 S.E.2d at 473 ("[G]enerally, a homeowner may not recover payments already made to an unlicensed contractor merely because the contractor did not hold a license when the contract was executed.").

**AFFIRMED.**[2]

**THOMAS, KONDUROS, and GEATHERS, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.